# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| AMERICAN EXPRESS NATIONAL BANK | CIV. ACTION NO. 3:22-05716 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| ALI MOGHIMI | MAG. JUDGE KAYLA D. MCCLUSKY |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 4] filed by Plaintiff American Express National Bank.   The motion is unopposed.   For reasons assigned below, it is recommended that the motion be granted.

## Background

On December 23, 2022, Plaintiff American Express National Bank ("AmEx") filed the instant suit in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana against Defendant Ali Moghimi ("Moghimi") to recover a delinquent balance of $19,142.16 owed by Moghimi on his American Express Business Gold Rewards Card.   (Petition [doc. # 1-2, pg. 1]).

On January 7, 2021, Moghimi filed his answer and a reconventional demand against AmEx asserting claims for violation of the Fair Debt Collection Practices Act ("FDCPA") and for negligent and intentional infliction of emotional distress.   (Ans. & Recon. Demand [doc. # 1-2, pg. 7]).

On January 21, 2021, AmEx filed a peremptory exception of no cause of action seeking dismissal of Moghimi's reconventional demand.   (Per. Exception [doc. # 1-2, pg. 13]). Following a September 29, 2021 hearing, Fourth Judicial District Court Judge Wendell Manning

granted AmEx's peremptory exception and dismissed, with prejudice, Moghimi's reconventional demand.   (Judgment on Perempt. Exception; M/Remand, Exh. E [doc. # 4-7]).

On July 29, 2022, AmEx filed a motion for summary judgment.   (MSJ, M/Remand, Exh. F [doc. # 4-8]).

On October 14, 2022, Moghimi removed the case to this court on the lone basis of federal question jurisdiction, 28 U.S.C. § 1331, pursuant to a claim arising under federal law via the FDCPA, 15 U.S.C. §§ 1692g and 809(8).   (Notice of Removal).

On November 8, 2022, AmEx filed the instant motion to remand for lack of subject matter jurisdiction and for a procedural defect(s) in the removal process, i.e., the suit was not timely removed.   (M/Remand).   Moghimi did not file a response to the motion, and the time to do so has passed.   *See* Notice of Motion Setting [doc. # 5].   Accordingly, the motion is deemed unopposed.   *Id.*

### Discussion

The removal statute provides that

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).   In this case, Moghimi invoked federal subject matter jurisdiction solely on the basis of a federal question, which confers district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331; Notice of Removal.

Traditionally, "[t]he presence or absence of federal - question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a

2

federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921 (1998). "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43 (1908). Stated another way,

> whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of [her] own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 (1983) (quoted source omitted).

In this case, Moghimi has not identified any federal question appearing on the face of AmEx's petition. In fact, by all accounts, AmEx's complaint is a run-of-the-mill suit to collect an unpaid balance, which may be prosecuted under state law in state court, without reliance on any federal law. Therefore, the court does not discern any federal question on the face of AmEx's petition.[1]

Moghimi also may not rely on his own FDCPA claim asserted in his reconventional demand to support federal question jurisdiction. First, a counterclaim (a/k/a reconventional demand in Louisiana state court parlance) cannot confer federal question jurisdiction to support removal. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831; 122

---

[1] There also is no indication that the court enjoys diversity jurisdiction where AmEx seeks to recover an unpaid debt of less than $20,000, which does not begin to approach the minimum amount in controversy requirement of $75,000+. *See* 28 U.S.C. § 1332.

3

S.Ct. 1889, 1894 (2002);[2] *see also Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that [defendant] brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction.").

Second, even if a federal question embedded in a counterclaim *could* support removal, it no longer did when Moghimi removed the suit because, by that time, the state court had dismissed the reconventional demand. *See* Judgment, *supra.*

Third, in any event, Moghimi was obliged to remove the suit within 30 days after receipt of a copy of the initial pleading, or, if the case was not initially removable, within 30 days after receipt of the amended pleading, motion, order, or other paper from it might have been ascertained that the case had become removable. 28 U.S.C. § 1446(b)(1) & (3). This, he plainly failed to do. *See* <u>Background</u>, *supra*.[3] The unexplained delay constitutes a defect in the removal process, which Plaintiff timely raised within 30 days of removal. *See* 28 U.S.C. § 1447(c).

<u>Conclusion</u>

For the reasons explained above, the undersigned finds that the court does not have original jurisdiction, either via diversity, 28 U.S.C. § 1332, or under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331. In addition, removal was procedurally defective

---

[2]  In *Holmes*, the Supreme Court declined to "transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-*or-counterclaim* rule' . . ." *Id*.

[3]  "[A] removing defendant bears the burden of pointing to the evidence demonstrating that removal is proper." *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 611 (5th Cir. 2018).

and improvident.   In the absence of subject matter and/or removal jurisdiction, remand is required.   28 U.S.C. § 1447(c).   Accordingly,

IT IS RECOMMENDED that the motion to remand [doc. # 4] filed by American Express National Bank be GRANTED, and that this matter be remanded to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, whence it was removed.   28 U.S.C. § 1447(c).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.   A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.   A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.   Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 22nd day of December, 2022.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE